## STATE v. PAUL EDWARDS.

(Filed 11 October, 1944.)

**1. Criminal Law § 29b—**

In a prosecution for incest, G. S., 14-178, and for carnal knowledge of a female under sixteen years of age, G. S., 14-26, allegedly committed upon defendant's daughter, testimony of an older daughter, that within the past three years defendant several times had made to her improper advances of a similar nature, was competent solely for the purpose of showing intent or guilty knowledge.

**2. Same—**

The general rule is that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, where the two are disconnected and in no way related; but there is an equally well established exception to this rule, that proof of the commission of like offenses may be competent to show intent, design, guilty knowledge or identity of person or crime.

**3. Criminal Law § 2—**

Intent is one of the elements necessary to sustain a charge of an attempt to commit a criminal offense.

APPEAL by defendant from *Parker, J.,* at June Term, 1944, of JOHNSTON. No error.

The defendant was indicted for incest, and also for carnal knowledge of a female under sixteen years of age. G. S., 14-178, and G. S., 14-26.

The unlawful acts charged were alleged to have been committed on defendant's daughter Margaret Mae Edwards, who was then fourteen years of age. By consent the two bills of indictment were consolidated and tried together. The jury returned verdict of guilty of attempt to commit both offenses. From judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for State.*

*Levinson & Pool for defendant.*

DEVIN, J. There was evidence sufficient to warrant submission of the case to the jury for an attempt to commit the offenses charged in the bills of indictment. The only assignment of error brought forward is, to the ruling of the court below in admitting in evidence, over objection, the testimony of another daughter of the defendant, an older sister of Margaret Mae Edwards, that within the past three years the defendant several times had made to her improper advances of a similar nature. This testimony was admitted by the court solely for the purpose of showing intent or guilty knowledge on the part of the defendant, and the jury was so instructed. In this ruling we find no error.

Undoubtedly the general rule is that evidence of a distinct substantive offense is inadmissible to prove another and independent crime where the two are disconnected and in no way related, but there is an equally well established exception to this rule that proof of the commission of like offenses may be competent to show intent, design, guilty knowledge, or identity of person or crime. *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Ferrell,* 205 N. C., 640, 172 S. E., 186; *S. v. Harris,* 223 N. C., 697; Wigmore, secs. 300-306.

Here, in addition to evidence of incestuous attempts upon the person of the State's witness by her father, it was competent for the State to offer evidence tending to prove similar attempts and advances to another daughter for the purpose of showing the intent as well as the unnatural lust of the defendant in attempting to commit the crimes charged in the bills of indictment. Intent is one of the elements necessary to sustain a charge of an attempt to commit a criminal offense. *S. v. Batson,* 220 N. C., 411, 17 S. E. (2d), 511; *S. v. Addor,* 183 N. C., 687, 110 S. E., 650; *S. v. Hewett,* 158 N. C., 627, 74 S. E., 356.

In *S. v. Ballard, post,* 855, a similar case recently decided by this Court, the admissibility of evidence of this character was upheld.

In the trial we find

No error.