STATE OF NORTH CAROLINA v. LEROY CARTHENS

No. 18

(Filed 10 October 1973)

1. Criminal Law § 161— appeal as exception to judgment

An appeal is itself an exception to the judgment and presents the question of whether any error appears on the face of the record proper.

---

**State v. Carthens**

---

**2. Rape § 5; Robbery § 4— armed robbery — rape — sufficiency of evidence**

     The State's evidence was sufficient to be submitted to the jury in this prosecution for armed robbery and rape.

APPEAL by defendant from *Clark, J.,* at the 2 February 1972 Session of HOKE.

By separate indictments, each proper in form, the defendant was charged with the robbery of Sylvia Locklear with firearms or other dangerous weapon and with the rape of Sylvia Locklear. The offenses are alleged to have occurred on 21 August 1971, prior to the decision in *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19. He was found guilty of both offenses and was sentenced to imprisonment for not less than 25 years nor more than 30 years for the offense of robbery and to imprisonment for life for the offense of rape.

Throughout the trial and the imposition of sentences the defendant was represented by his privately employed counsel, who gave notice of appeal in each case. Neither appeal was perfected within the time allowed therefor, the defendant's privately employed counsel having advised him that such counsel did not consider there was any ground for appeal and that in his opinion such appeal would be frivolous. The defendant filed a petition for post conviction relief, asserting that he had at all times desired to have his cases reviewed by direct appeal. Upon the hearing of that petition, Braswell, J., finding a conflict in personalities had developed between the defendant and his privately employed counsel, relieved the privately employed counsel and, further finding the defendant to be an indigent, appointed the public defender as counsel for appellate review, instructing him to apply for a writ of certiorari to permit the late filing of an appeal. Such petition was filed with the Supreme Court of North Carolina in the rape case, and a further petition for certiorari to permit the review of the robbery conviction by the Supreme Court prior to its determination by the Court of Appeals was also filed. Both such petitions were allowed and, thereupon, the appeals were duly filed and heard in the Supreme Court, the defendant being represented therein by the public defender.

The case on appeal expressly states that there are no assignments of error. The defendant's brief on appeal states that counsel for the defendant "has carefully examined the record

in this case and has been unable to find any error which would justify a new trial." The only exception appearing in the record is to the denial of the defendant's motion for judgment of non-suit at the conclusion of the State's evidence.

Sylvia Locklear, a witness for the State, testified to the following effect:

On 21 August 1971 she was 21 years of age and, together with her infant, illegitimate daughter, was living with her mother in a residence attached to a store owned and operated by her mother. At about 10 a.m. on 21 August 1971 she was in her bed asleep, her child and another infant girl being also present in the residence. Her mother was not at home and the store was closed. She was awakened by the defendant, who held an open knife at her neck. The defendant first told her that he wanted to get into the store. She agreed and started to arise to get the keys which were in another room. Thereupon, he took certain liberties with her person to which she objected. They went into the other room where she got the keys to the store, he having his arm around her neck and the knife at her neck. They returned to the bedroom where, over her protest, he had sexual intercourse with her against her will, she being frightened for her life and for the lives of the girls.

To reach the store it was necessary to go outside the residence. She and the defendant did so, he going around one side of the building to reach the door of the store and she going around the other side of the building to reach it. Although there was another filling station across the road and about 100 yards distant, which was open for business, she made no call for assistance and no effort to escape. She unlocked and opened the store and the defendant took therefrom four six-packs of beer and the money in the cash register, which she gave him because she was frightened. The defendant then departed with the beer and the money.

Shortly thereafter, the mother of the witness returned and the witness told her and another person that "a man had robbed the store." Later in the day a deputy sheriff arrived and she told him "what had happened." She was taken by the deputy to the hospital and was there examined by a physician.

The physician testified that he examined Sylvia Locklear and a vaginal smear disclosed the presence of live sperm. He

found no evidence of bruises or other physical injury except several small fresh scratches on her neck and upper chest.

The defendant testified in his own behalf and offered the testimony of other witnesses. He denied any contact with Sylvia Locklear, stating that he had never seen her before the trial, never had intercourse with her and did not take any money out of the store. He admitted having been in the store at an earlier hour that morning, at which time he exchanged some cans of warm beer for some which were cold, this being with the permission of another woman who was then attending the store and who, prior to the alleged offenses, closed it and left the premises. The defendant's evidence, if true, established an alibi for the time of the alleged offenses.

*Attorney General Robert Morgan and Associate Attorney Howard A. Kramer for the State.*

*Kenneth A. Glusman, Assistant Public Defender, for defendant.*

LAKE, Justice.

[1] Though the record contains no assignments of error, the appeal is, itself, an exception to the judgment and presents for our consideration the question of whether any error appears on the face of the record proper. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330; *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800; *State v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738. We find no such error. The indictments were proper in form, the verdicts were properly returned and they support the sentences imposed. See, *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19; G.S. 14-87.

Notwithstanding the absence of any assignment of error, the conclusion of the defendant's privately employed counsel, set forth in the record, that there is no sufficient ground for appeal, and the statement by the public defender in the defendant's brief that he has been unable to find any error which would justify a new trial, we have carefully reviewed the entire record, including the charge of the court to the jury. We find therein no error of law. The charge fully and correctly instructed the jury as to the elements of each of the offenses charged and as to the burden of proof and contained a full and accurate summary of the evidence.

[2] The motion for judgment of nonsuit was properly overruled, the testimony of Sylvia Locklear being sufficient, if true,

to show each element of the offense of robbery with a dangerous weapon and each element of the offense of rape. It is axiomatic that upon such a motion the evidence for the State is to be taken by the Court as true and is to be viewed in the light most favorable to the State, the evidence of the defendant in conflict therewith not being considered. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866; *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225; *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679; Strong, N. C. Index 2d, Criminal Law, § 104. It is equally elementary that: "The force necessary to constitute rape need not be actual physical force. Fear, fright, coercion may take the place of force. *S. v. Thompson,* 227 N.C. 19, 40 S.E. 2d 620. While consent by the female is a complete defense, consent which is induced by fear of violence is void and is no legal consent." *State v. Primes, supra.*

If the evidence of the State in the present case be true, the defendant is guilty of both of the offenses of which he has been convicted. If the evidence of the defendant be true, he is not guilty of either of these offenses. This conflict in the evidence presented simply a question for the jury, which elected to believe the evidence of the State. This Court is not authorized, in such a situation, to review the decision of the jury and substitute its opinion for that of the jurors. Relief on that ground, if any, may be obtained only through the exercise of the power of pardon or parole, which is not vested in this Court.

No error.