STATE OF NORTH CAROLINA v. NATHANIEL WILLIAMS

No. 7619SC554

(Filed 1 December 1976)

**Rape § 5— second degree rape — sufficiency of evidence**

　　The State's evidence was sufficient for the jury in a prosecution for second degree rape where it tended to show that defendant had carnal knowledge of the prosecutrix after defendant had attempted to choke her, told her how easy it would be to kill her, and held an open knife against her stomach.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 10 March 1976 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 10 November 1976.

This was a criminal prosecution on a bill of indictment charging the defendant Nathaniel Williams with the second degree rape of Janet Kay Willard. Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

On 19 July 1975 Janet Willard, 17 years old, single, was sitting on the steps outside a hospital in Asheboro. Defendant came by in a van and asked if she wanted to ride around; she agreed, and they went to Greensboro. Defendant bought her supper and after he visited at two houses they left to return to Asheboro, around 1:00 a.m. Defendant stopped on a dirt road and threatened to rape her if she did not cooperate. She got out of the van and ran across a field and defendant caught her and took her back to the van. Defendant produced a knife and forced her to undress and then raped her. Subsequently, defendant drove on to Asheboro where she ran away and contacted the police. Dr. Query, a physician practicing in Asheboro, examined her during the night of 20 July 1975 and described her as nervous and frightened. He found two small abrasions around the vaginal opening but no sperm or semen in the vagina.

Sergeant Bowman, a Randolph County Deputy Sheriff, testified as to a statement given him by Janet Willard on the night of 20 July 1975, which was substantially the same as her oral testimony. At the end of the State's evidence, and once again at the end of all the evidence, the defendant made motions to dismiss as of nonsuit. The motions were denied.

The jury found the defendant guilty of second degree rape and from a judgment imposing a prison sentence of 25 to 30 years, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General James L. Blackburn, for the State.*

*Bell and Ogburn, by Deane F. Bell and William H. Heafner, for the defendant.*

MARTIN, Judge.

Defendant contends the trial court erred in refusing to grant defendant's motion for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence. In making this argument, the defendant contends in his brief that he should not have been convicted of the crime of second degree rape based solely upon the testimony of the prosecutrix. However, his basic contention is that the evidence was not sufficient to be submitted to the jury.

In *State v. Hines*, 286 N.C. 377, 381, 211 S.E. 2d 201, 203 (1975), the Court stated:

"In passing upon a motion for judgment as of nonsuit, the trial judge must consider all the evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence and considering so much of the defendant's evidence as may be favorable to the State. In considering the motion, the Court is not concerned with the weight of the testimony, or with its truth or falsity, but only with the question of whether there is sufficient evidence for the jury to find that the offense charged has been committed and that defendant committed it." (Citations omitted.)

In viewing the evidence in the light most favorable to the State, as we are therefore required to do, it is clear that the evidence was sufficient to withstand the defendant's motions for nonsuit. The evidence clearly indicates that defendant had carnal knowledge of the prosecutrix by force and against her will. The defendant had attempted to choke prosecutrix, told her how easy it would be to kill her, and held an open knife against her stomach prior to the commission of the rape.

As an additional argument, the defendant also contended that the uncorroborated testimony of the woman should be "clear and convincing" in order to justify a conviction for rape. In this respect he points out certain contradictions and weaknesses in testimony of the prosecutrix and argues that the testimony was insufficient. However, it is well established that any contradictions and inconsistencies, when in the State's evidence, are to be disregarded by this Court in considering a trial court's denial of a motion for judgment as of nonsuit. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971).

The record contains plenary evidence of each of the essential elements of the offense charged. The defendant's motion for nonsuit was, therefore, properly overruled.

The defendant had a fair and impartial trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.