State v. Lockett

STATE OF NORTH CAROLINA v. JOSEPH W. LOCKETT

No. 7612SC1047

(Filed 1 June 1977)

**Homicide § 21.1— murder of defendant's wife — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a murder prosecution where it tended to show that defendant's wife was killed; a butcher knife which was missing from her cutlery set and which was found fifty feet from her apartment was the murder weapon; the knife contained bloodstains matching the blood of decedent; defendant's fingerprints were imprinted in the bloodstains on the knife; and those prints were impressed after the murder took place.

APPEAL by defendant from *Preston, Judge*. Judgment entered 30 July 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 May 1977.

Defendant was charged by indictment in proper form with second-degree murder. He entered a plea of not guilty and was convicted by a jury of voluntary manslaughter. Judgment was entered sentencing defendant to imprisonment for a term of 16 to 20 years.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Public Defender Mary Ann Tally for defendant appellant.*

MORRIS, Judge.

Defendant presents two assignments of error for review. However, as to defendant's first assignment, he concedes that there was "no error of consequence" and fails to support it in his brief with reason or authority. This assignment is therefore deemed abandoned. Rule 28(b)(3), North Carolina Rules of Appellate Procedure.

By his second assignment of error, defendant contends that the trial court erred in denying his motions for judgment as of nonsuit made after the State rested and after the close of all the evidence. In reviewing a motion for judgment as of nonsuit, the trial court is required to consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

If there is evidence, direct, circumstantial, or both, from which the jury can find that the offense charged was committed by defendant, the motion must be overruled. *State v. Jones*, 287 N.C. 84, 214 S.E. 2d 24 (1975).

The State introduced evidence that tended to show as follows: At 2:32 a.m. on 15 February 1976, the Fayetteville Law Enforcement Center received a call from a person identifying himself as defendant asking that an ambulance be sent to his apartment. At approximately 2:55 a.m., defendant awakened Calvin Horton, a neighbor, and told him and his wife that "somebody killed my old lady." Horton accompanied defendant to his apartment and discovered defendant's wife on the floor. She was lying on her back and wore a gown covered with blood.

Investigating officers discovered that the door to defendant's apartment had been shattered, and there was a faint impression of a shoe print on the center portion of the door. In the middle of the floor was a lock which had apparently been knocked from the door. Defendant's wife had a puncture wound in her left side under her armpit and a cut under her right eye. An autopsy revealed that the puncture penetrated the left lung and thoracic aorta and was the cause of death. She also sustained bruises in the scalpal area caused by a blunt instrument. The officers also discovered that a butcher knife was missing from a cutlery set in the apartment. They located the knife in bushes approximately 50 feet from the apartment and found a reddish stain on its blade.

Defendant's right leg was in a cast which extended from 3 or 4 inches below the groin to below the knee. He had freshly skinned knuckles, a swollen right foot, scratches on his forehead and chest, and a long red welt on his left arm. The officers found bloodstains on his pants, shirt and slippers and on a crumpled paper towel in the trash can. Analysis of these stains revealed them to be type A blood, the defendant's blood type. The stain on the knife was analyzed as type O blood, that of defendant's wife. Latent fingerprints found on the cutlery set and impressed in the bloodstain on the butcher knife were identified as defendant's.

On the evening prior to the murder, defendant played cards at a lounge in Fayetteville from 5:00 p.m. to 1:00 a.m. Defendant was in need of money to continue in the game and told a friend that he could go home to get it. At approximately 8:30, defendant used the telephone, left the lounge and stayed

State v. Lockett

gone for 1½ to 2 hours. He then returned and continued to play cards until 1:00 a.m.

Defendant introduced evidence in his behalf. Any evidence, however, which conflicts with that of the State is not to be considered on a motion for judgment as of nonsuit. *State v. Carthens,* 284 N.C. 111, 199 S.E. 2d 456 (1973), *cert. den.,* 415 U.S. 979, 39 L.Ed. 2d 875, 94 S.Ct. 1567 (1974).

Thus, the State introduced evidence from which the jury could reasonably infer that the butcher knife was the murder weapon; that the knife contained bloodstains matching the blood of decedent; that defendant's fingerprints were imprinted in the bloodstain on the knife; and that these prints were impressed after the murder took place. We believe that this evidence, when viewed in the light most favorable to the State, was sufficient to withstand defendant's motions and take the case to the jury.

No error.

Judges HEDRICK and ARNOLD concur.