STATE OF NORTH CAROLINA v. ED BAILEY

No. 7815SC80

(Filed 20 June 1978)

1. **Criminal Law § 45.1— noises at crime scene—experimental evidence properly excluded**

     In a prosecution for second degree rape where the alleged crime occurred in a motel room in which the victim was staying, the trial court did not err in excluding experimental evidence designed to show the extent to which occupants of adjoining rooms could have heard any loud noises coming from the room occupied by the prosecuting witness on the night of the alleged rape, since there was no showing that the circumstances of the experiment were substantially similar to the actual occurrence.

2. **Rape § 5— uncorroborated testimony of prosecutrix—sufficiency of evidence**

     Where the only issue in a second degree rape prosecution was the victim's consent, her unsupported testimony was sufficient to require submission of the case to the jury.

3. **Criminal Law § 86.4— prior accusation of rape—improper cross-examination—no prejudice**

     In a prosecution for second degree rape, the prosecuting attorney's reference to a previous rape charge lodged against defendant was not prejudicial and did not require a new trial since defendant explained the circumstances surrounding the nature and disposition of the charge, and the court promptly instructed the jury to disregard any reference the prosecuting attorney made to the earlier charge against defendant.

4. **Rape § 6— force reasonably inducing fear of bodily harm—instruction not required**

     The trial court is not required in every prosecution for rape to instruct the jury that before they can return a verdict of guilty they must find beyond a reasonable doubt that the defendant used or threatened to use such force as reasonably induced fear of serious bodily harm.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 2 September 1977 in Superior Court, ORANGE County. Heard in the Court of Appeals 24 May 1978.

Defendant was tried upon his plea of not guilty to an indictment charging him with second-degree rape.

The prosecuting witness, who was eighteen years old at the time, testified that on 30 May 1977 she was driving alone on Interstate Highway 85 from Charlotte, N.C., to her next duty station with the United States Army in Virginia. Late in the after-

noon, when she was near Hillsborough, N.C., she experienced motor trouble. Defendant offered assistance, telling her he was part owner of a service station where her car could be repaired on the following day. She left her car on the side of the road and rode with defendant in his car to a nearby motel. After she checked in at the motel, defendant left. About 4:00 a.m. she was awakened by someone pounding on her door. She opened the door, and defendant came into her room uninvited. He made sexual advances which she resisted. He became angry and forceful, at one point strangling her with both hands and telling her he was quite strong and could kill her. When she saw that resistance was futile, she stopped struggling. He then had sexual intercourse with her against her will. As soon as defendant left, she reported the matter to the police.

Defendant testified and admitted that he had sexual intercourse with the prosecuting witness, but testified that she consented and that no force was involved.

The jury found defendant guilty as charged. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney Tiare Smiley Farris for the State.*

*Winston, Coleman & Bernholz by Barry T. Winston for defendant appellant.*

PARKER, Judge.

[1] The State presented the testimony of a police officer who had investigated the matter. On cross-examination, this witness testified that during the week prior to the trial he had been back to the motel room, No. 104, which the prosecuting witness had occupied and had also gone into some of the adjoining rooms. Defense counsel asked the witness, "While you were in the adjoining rooms, did you hear any hollering from Room 104?" The court sustained the State's objection to this question. Had the witness been permitted to answer, he would have answered, "Yes." The exclusion of this answer is the subject of defendant's first assignment of error.

The purpose of the question was to determine the extent to which occupants of adjoining rooms could have heard any loud

noises coming from the room occupied by the prosecuting witness on the night of the alleged rape. This evidence involved a partial reenactment of the original occurrence, and it was therefore experimental evidence. Experimental evidence is admissible, but only if it is shown that the experiment was conducted under circumstances substantially similar to those of the actual occurrence. *State v. Jones*, 287 N.C. 84, 214 S.E. 2d 24 (1975); *State v. Phillips*, 228 N.C. 595, 46 S.E. 2d 720 (1948). In the present case there was no showing that the circumstances of the experiment were substantially similar to the actual occurrence. No evidence was offered to show who did the "hollering" in the experiment or how loud they "hollered" as compared with the volume of the "hollering" on the night of the actual occurrence. Defendant had a right to present competent evidence to show similarity of condition, *Service Co. v. Sales Co.*, 259 N.C. 400, 131 S.E. 2d 9 (1963), but he did not do so. In the absence of such evidence the trial court correctly excluded the experimental evidence, and defendant's first assignment of error is overruled.

Defendant does not present and discuss in his brief the question sought to be raised in his second assignment of error. Accordingly, his second assignment of error is deemed abandoned. Rule 28(a), N.C. Rules of Appellate Procedure.

[2] Defendant's third assignment of error is directed to the trial court's denial of his motion for nonsuit. Both the prosecutrix and the defendant agreed that they engaged in sexual intercourse, and the only issue between them was whether the prosecutrix had given her consent. Defendant contends that the case thus became a "swearing contest" between him and the prosecutrix and that the unsupported testimony of the prosecutrix should be held insufficient as a matter of law to support a rape conviction in this case. Such is not the rule in this State. The unsupported testimony of the prosecutrix in a prosecution for rape has been held in many cases sufficient to require submission of the case to the jury. *E.g., State v. Hines*, 286 N.C. 377, 211 S.E. 2d 201 (1975); *State v. Shaw*, 284 N.C. 366, 200 S.E. 2d 585 (1973); *State v. Carthens*, 284 N.C. 111, 199 S.E. 2d 456 (1973); *State v. Miller*, 268 N.C. 532, 151 S.E. 2d 47 (1966); *State v. Williams*, 31 N.C. App. 588, 229 S.E. 2d 839 (1976). Defendant's third assignment of error is overruled.

[3]  Defendant next assigns error to the trial judge's denial of his motion for a mistrial based upon a question asked of the defendant on cross-examination. The prosecuting attorney asked defendant if, "back about 1962, you were charged with raping Mary Smith and you pleaded guilty to carnal knowledge with her being a minor." The portion of the question regarding the rape charge was clearly improper. For purposes of impeachment, a witness, including the defendant in a criminal case, may not be cross-examined as to whether he has been *charged* with a criminal offense other than the one for which he is on trial. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). However, Chief Justice Bobbitt, speaking for the Court in *Williams*, went on to point out that "[w]hether a violation of the rule will constitute sufficient ground for a new trial will depend upon the circumstances of the particular case." 279 N.C. at 674, 185 S.E. 2d at 181. In *Williams*, the Supreme Court concluded that a new trial was necessary where the defendant was cross-examined regarding indictments which were pending at the time of trial. In the present case, there had been a final disposition prior to the trial of this case on the charge *to* which the prosecuting attorney referred, and defendant described the disposition and nature of the charge. He never admitted that he was initially charged with rape, but he testified:

> When I was 23 years old, I was going with a girl 19 years old. Come to find out she was 15, and I was convicted of carnal knowledge. I plead [sic] guilty to it.

In addition, the trial court, in response to a request by defendant, instructed the jury to disregard any reference the prosecuting attorney made to the earlier charge against defendant. Therefore, in view of defendant's explanation and the court's prompt curative instruction, the prosecuting attorney's reference to the previous rape charge was not prejudicial to defendant and no justification for a new trial has been shown. *See State v. Caddell*, 287 N.C. 266, 215 S.E. 2d 348 (1975). This assignment of error is overruled.

[4]  For his fifth and final assignment of error, defendant assigns error to the following portions of the court's charge to the jury:

> The force necessary to constitute rape is the use of force or display of force sufficient to overcome the will of the pros-

ecuting witness and overcome any resistance that she may make.

\* \* \* \* \*

I do finally instruct you that if you find from the evidence beyond a reasonable doubt that on or about the 31st of May, 1977, the defendant, Ed Bailey, did by the use of force or threat of force sufficient to overcome the will of [the prosecuting witness] have sexual intercourse with her without her consent and against her will, it would be your duty to return a verdict of guilty of second degree rape.

Citing *State v. Burns*, 287 N.C. 102, 214 S.E. 2d 56 (1975), defendant contends that "[t]he force necessary to constitute rape must be force that 'reasonably' induces fear of serious bodily harm," and he contends that the quoted instructions given by the trial court in the present case do not "comport with the objective standard of reasonableness set out in *Burns*." We find no error. We do not find that our Supreme Court in *State v. Burns, supra*, adopted any such "objective standard of reasonableness" as that for which defendant contends. The opinion in that case contains the following:

Rape is sexual intercourse with a female person by force and without her consent. *State v. Henderson, supra; State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225; *State v. Sneeden*, 274 N.C. 498, 164 S.E. 2d 190; *State v. Overman*, 269 N.C. 453, 469, 153 S.E. 2d 44; *State v. Carter*, 265 N.C. 626, 144 S.E. 2d 826. A threat of serious bodily harm which reasonably induces fear thereof constitutes the requisite force and negates consent. *State v. Henderson, supra; State v. Bryant*, 280 N.C. 551, 557, 187 S.E. 2d 111; *State v. Primes, supra; State v. Overman, supra; State v. Carter, supra.*

287 N.C. at 116, 214 S.E. 2d at 65.

Defendant's contention that our Supreme Court in *State v. Burns, supra*, adopted an "objective standard of reasonableness" to determine the degree of force necessary to constitute one of the elements of the crime of rape appears to be based on the single sentence from the above quoted portion of the opinion in that case which states that "[a] threat of serious bodily harm which reasonably induces fear thereof constitutes the requisite

force and negates consent." We do not interpret that sentence as requiring the trial court in every prosecution for rape to instruct the jury that before they can return a verdict of guilty they must find beyond a reasonable doubt that the defendant used or threatened to use such force as reasonably induced fear of serious bodily harm. Certainly that was not the holding in *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *death penalty vacated*, 428 U.S. 902, 96 S.Ct. 3202, 49 L.Ed. 2d 1205 (1976), which was cited with approval in *State v. Burns, supra*. In *Henderson* our Supreme Court found no error in an instruction which was substantially the same as that to which defendant in the present case assigns error. We also find no error in the present case.

No error.

Judges HEDRICK and MITCHELL concur.