STATE OF NORTH CAROLINA v. RAYFORD ASHFORD, JR.

No. 75

(Filed 2 December 1980)

**1. Rape § 5— proof of penetration — "sex" and "intercourse" with prosecutrix**

Testimony by the prosecutrix in a rape case that defendant had "sex" and "intercourse" with her was sufficient to support a finding by the jury that there was penetration.

**2. Criminal Law §§ 113.1, 113.9— no statement of fact not in evidence — no misstatement of material fact**

The trial court in a kidnapping and rape case did not state a fact not in evidence when he stated during recapitulation of the evidence that, after four men had engaged in intercourse with the victim, "she was thereafter taken by [defendant] to a place to pick up her child" where the evidence showed that the victim was taken by all four men, including defendant, to a friend's house to pick up her daughter, and that one of the men, not defendant, escorted her into the house; furthermore, even if such fact were not in evidence, the court's statement did not amount to a misstatement of a *material* fact, and defendant cannot complain thereof where he failed to call the misstatement to the court's attention at trial.

Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by defendant from judgments of *Collier, J.,* entered at the 28 April 1980 Session of UNION Superior Court.

Defendant was charged in separate indictments proper in form with the first-degree rape and kidnapping of Louise Williams Isom. He entered pleas of not guilty to both charges.

At trial, evidence for the State tended to show that while the prosecutrix walked to work on 10 March 1980, a blue car pulled up beside her. One of the four occupants of the car got out and forced her into the car at gunpoint. The prosecutrix testified that she was instructed to keep her eyes closed and that subsequently she was blindfolded. She was taken to a local motel and was there forced to have intercourse with each of the four men. At some later point, Ms. Isom was taken by one of the men into the bathroom. The man removed her blindfold. He then forced her to have sex with him. At · trial, she identified the man as defendant. Defendant had sex with the prosecuting witness twice more.

The four men subsequently took Ms. Isom to a friend's house to pick up her daughter. They drove Ms. Isom and her daughter to Ms. Isom's apartment. Defendant walked with the two to the apartment and while there forced Ms. Isom to have sex once again.

While Ms. Isom and defendant were at the apartment, her boyfriend arrived. Shortly after her boyfriend left, the police came and arrested defendant.

Defendant testified that he had been picked up by the other males and that one of them accosted the prosecutrix as she walked to work and forced her into the car. Defendant stated that he protested the actions of the others. His defense was that the prosecutrix consented to his having sex with her.

The jury returned verdicts of guilty of both offenses charged. Defendant was sentenced to life imprisonment on each conviction and appealed to this Court pursuant to G.S. 7A-27.

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, for the State.*

*Bobby H. Griffin for defendant appellant.*

BRANCH, Chief Justice.

[1]   Defendant first assigns as error the failure of the trial court to dismiss the charge of rape on the ground that the State never presented evidence of penetration. Defendant contends that the prosecuting witness never testified that he penetrated her, and that there was no other evidence of penetration, such as the presence of semen.

The State points out that Ms. Isom testified that defendant had

"intercourse" and "sex" with her and that these terms are sufficient as shorthand statements of fact on the issue of penetration. We agree. As this Court stated in *State v. Bowman*, 232 N.C. 374, 376, 61 S.E. 2d 107, 108 (1950),

> The law did not require the complaining witness to use any particular form of words in stating that the defendant had carnal knowledge of her. *S. v. Hodges*, 61 N.C. 231. Her testimony that the defendant had "intercourse" with her and "raped" her under the circumstances delineated by her was sufficient to warrant the jury in finding that there was penetration of her private parts by the phallus of the defendant.

The prosecutrix's testimony here that defendant had "sex" and "intercourse" with her likewise was sufficient to support a finding by the jury that there was penetration. This assignment is overruled.

**[2]**  Defendant's second and final assignment of error relates to the trial court's recapitulation of the evidence. He contends that the judge stated material facts which were not in evidence, in violation of the rule of G.S. 15A-1232 that the judge "must not express an opinion whether a fact has been proved." The challenged portion of the charge reads as follows:

> . . . that all 4 of the individuals engaged in intercourse with her after one had undressed her and a gun was held to her neck; *that she was thereafter taken by Rayford Ashford, Jr., to a place to pick up her child* who was at a baby sitter's after they located her child. [Emphasis added.]

Defendant argues that the italicized portion was a misstatement of the evidence since Ms. Isom testified as follows:

> [W]e went on to my girlfriend's house and got my little girl, and one of them came in the house with me to make sure I came out . . . . It was not Ashford.

Defendant concedes the general rule that misstatements in summarizing the evidence must be brought to the court's immediate attention, *State v. Barbour*, 295 N.C. 66, 243 S.E. 2d 380 (1978), and that he made no objection to the court's charge here. However, the statement of a material fact not in evidence constitutes reversible

error, whether or not called to the court's attention. *Id.*

It is clear from the evidence that the prosecutrix was taken by all four men, including defendant, to a friend's house to pick up her daughter. One of the men, not defendant, escorted Ms. Isom into the house. The trial judge stated only that "she was thereafter taken by Rayford Ashford, Jr., to a place to pick up her child. . . ." We do not think the trial judge stated a fact not in evidence.

Furthermore, even if the fact were not in evidence, we fail to see how it amounted to a misstatement of *material* fact. Whether or not defendant escorted Ms. Isom into the house to pick up her child adds little, if anything, inferentially to the question of defendant's guilt. This assignment is without merit.

A review of the record reveals no prejudicial error warranting a new trial.

No error.

Justice BROCK did not participate in the consideration or decision of this case.