STATE OF NORTH CAROLINA v. CONNIE LEE RAYE

No. 848SC528

(Filed 5 March 1985)

1. **Incest § 1— sexual advances to sister of prosecutrix**

    In a prosecution for incest, testimony by the sister of the prosecutrix concerning defendant's sexual advances to her was competent to show intent as well as the unnatural lust of defendant.

2. **Criminal Law § 96— withdrawal of evidence—error cured**

    Error in the admission of incompetent evidence was cured when the trial court withdrew the evidence from the jury's consideration with appropriate instructions.

3. **Criminal Law § 50.1; Rape and Allied Offenses § 4— sexual fantasies of children—opinion testimony by pediatrician**

    A physician who had practiced pediatrics for fifteen years was properly permitted to state his opinion that children don't fantasize to the extent of lying about sexual abuse.

**4. Rape and Allied Offenses § 5— unsupported testimony of prosecutrix — sufficiency for conviction**

   The unsupported testimony of the prosecutrix that vaginal penetration had occurred was sufficient to support defendant's conviction of second-degree rape.

APPEAL by defendant from *Barefoot, Judge.* Judgments entered 11 January 1984 in Superior Court, WAYNE County. Heard in the Court of Appeals 6 February 1985.

Defendant was charged in proper bills of indictment with incest, second degree rape and second degree sexual offense. At trial the State offered evidence tending to show the following:

On or about 11 March 1983, defendant entered his stepdaughter's bedroom and, according to her testimony, had sexual contact with her against her will. On another occasion near the same date defendant entered his stepdaughter's bedroom and carried her from her bed to the living room floor where he had intercourse with her against her will. On a third occasion defendant took his stepdaughter from the home in a car ostensibly to visit her grandmother (defendant's mother). On the way he stopped the car and told the stepdaughter to get into the back seat where he proceeded to have intercourse with her against her will. The stepdaughter, prosecutrix, testified about a number of similar incidents which occurred over a period of time. She said that defendant had threatened her "during these times," once with a gun. Her testimony was corroborated by an older sister who also testified about defendant's sexual advances toward her.

The jury returned a verdict of guilty as to all counts for which the court sentenced defendant to twenty years for the second degree rape and twelve years for the second degree sexual offense, sentences to run concurrently, and four and one-half years for incest, sentence to begin at the expiration of the twenty year sentence. From this judgment defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Jordan & Braswell, by Louis Jordan, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]   Defendant's first and second assignments of error relate to testimony by State's witnesses as to sexual misconduct by defendant other than the charged offenses. The first challenged testimony was admitted when the older sister of the prosecutrix testified in corroboration of her sister, the alleged victim. After she gave testimony concerning the incidents for which defendant was charged, the State asked the older sister, ". . . what, if anything, did your father do to you sexually." The older sister testified about several times when her stepfather had made sexual advances to her.

Although evidence of other wrongdoing by defendant is not admissible to show character or disposition to commit the charged offense, such evidence is admissible if it tends to prove any fact relevant to the charged offense. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Our courts have been liberal in allowing evidence of similar sex offenses, especially when the sex impulse manifested is of an unusual or unnatural character. 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 92 (2d rev. ed. 1982). In trials for incest it is competent for the State to offer evidence of a defendant's advances to a daughter not involved in the charged offenses for the purpose of showing intent as well as the unnatural lust of the defendant. *State v. Edwards*, 224 N.C. 527, 31 S.E. 2d 516 (1944). In the instant case, testimony of the older sister was offered in corroboration of the prosecutrix. Although some of the older sister's testimony related to her stepfather's sexual advances to her, rather than to the prosecutrix, in a trial for incest such testimony is allowed.

[2]   Challenged testimony was also presented at trial when Eleanor Raynor, who works for Protective Services for Children, Department of Social Services, testified in corroboration of the prosecutrix's testimony. In answer to a question Ms. Raynor said: "That when she [the prosecutrix] was about seven years old that her father had had sexual relations with her then and he had went to jail behind this." The court allowed defendant's objection and motion to strike this testimony. The court then instructed the jury not to consider the objectionable testimony.

Where objectionable evidence is withdrawn and the jury instructed not to consider it we assume that jurors are people of

character and sufficient intelligence to fully understand and comply with the court's instructions. *State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977). When incompetent evidence is withdrawn from the jury's consideration by appropriate instructions from the trial judge, any error in admission of the evidence is ordinarily cured. *State v. Hawley*, 54 N.C. App. 293, 283 S.E. 2d 387 (1981), *disc. rev. denied*, 305 N.C. 305, 291 S.E. 2d 152 (1982). In the present case, although the testimony concerning the prior incarceration may not have been admissible, the trial judge's prompt action effectively cured any possible prejudice growing out of the jury hearing this testimony.

[3] Next defendant asserts that the trial court improperly allowed Dr. Ponzi, defendant's witness, to testify about children's propensity to fantasize about sexual abuse. The defendant argues that although the court properly admitted Dr. Ponzi as an expert in pediatrics, he was not an expert in psychiatry and therefore could not testify as to the likelihood of children fantasizing about sexual abuse. At trial Dr. Ponzi, who had done a history and physical on the prosecutrix at the request of the Department of Social Services, testified that he was able to determine that she had been sexually abused. The basis for this determination, he said, was her history and not any physical manifestations of abuse. On cross-examination of Dr. Ponzi, the following interchange took place:

> Q. Are you saying from your practice in your particular profession children don't fantasize?

> A. [Dr. Ponzi:] Not to that extent. . . . I do not believe children will lie concerning sexual abuse. . . . I don't believe they make up stories along those lines.

Ordinarily the trial court has discretion to determine whether a witness is sufficiently qualified to be an expert. *In re Peirce*, 53 N.C. App. 373, 281 S.E. 2d 198 (1981). To be an expert it is enough that through study or experience he has acquired expertise such that he is in a better position to have an opinion on the subject than is the trier of fact. *State v. Wilkerson*, 295 N.C. 559, 247 S.E. 2d 905 (1978). Here, Dr. Ponzi stated that he had practiced pediatrics for a period of fifteen years. The experience Dr. Ponzi acquired as a pediatrician gave him qualifications superior to those of the jury to determine whether or not a child would

fantasize concerning sexual abuse. *See In re Peirce*, 53 N.C. App. 373, 384, 281 S.E. 2d 198, 205 (1981); *State v. Woods*, 286 N.C. 612, 213 S.E. 2d 214 (1975), *death penalty vacated sub nom. North Carolina v. Woods*, 428 U.S. 903, 49 L.Ed. 2d 1208, 96 S.Ct. 3207 (1976). Therefore we hold this assignment of error is without merit.

[4] In his final argument defendant contends that there was insufficient evidence to submit the case to the jury on the charge of second degree rape because the State presented no evidence of vaginal penetration other than the testimony of the prosecutrix. Our examination of the record reveals that the prosecutrix testified several times during direct examination that vaginal penetration had occurred. Dr. Ponzi was unable to corroborate penetration because he examined the girl several weeks after the last alleged incident.

In a prosecution for rape, the unsupported testimony of the prosecutrix is sufficient to require submission of the case to the jury. *State v. Bailey*, 36 N.C. App. 728, 245 S.E. 2d 97 (1978). The prosecutrix's testimony without other evidence is sufficient to support a finding by the jury that there was penetration. *State v. Ashford*, 301 N.C. 512, 272 S.E. 2d 126 (1980). In this case the testimony of the prosecutrix without more was sufficient to support the jury verdict.

No error.

Judge JOHNSON concurs in the result.

Judge COZORT concurs.