520 So.2d 1150 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Tommy HOWARD, Defendant-Appellant.
No. CR87-518.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1151 Dlen D. Vamvoras, Lake Charles, for defendant-appellant.
Patricia Head and Saundra Issac, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Defendant, Tommy Howard, was convicted of aggravated rape in violation of La.R. S. 14:42, and aggravated crime against nature, in violation of La.R.S. 14:89.1. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the aggravated rape count, and 10 years without benefit of probation, parole or suspension of sentence for the conviction of aggravated crime against nature, the sentences to run consecutively.
The victim, 11 years old at the time of the offense, was defendant's natural daughter. The defendant was arrested after the child told her neighbor that her father had been forcing her to have sexual intercourse with him for over a year. Twelve years old at the time of trial, the victim testified that appellant had forced her to engage in sexual intercourse on several occasions over a period of time, and that he also forced her to perform oral sex on some occasions. These incidents would happen when the victim's mother and siblings were away from the family residence and while the appellant was drinking. Appellant told the victim not to report the assaults to anyone because he would be "put away". After appellant's arrest, a physician examined the victim and testified that his findings were consistent with repeated acts of sexual intercourse over a period of time.
Before the trial the State filed notice of its intent to use evidence of other crimes, in accordance with La.C.Cr.P. 720 and State v. Prieur, 277 So.2d 126 (La.1973). More particularly, the appellant was notified that another daughter, then 20 years old, would testify that she was sexually abused by the defendant when she was about the age of the present victim. At a pretrial hearing the court ruled the testimony of the elder daughter would be admissible. At the trial before her testimony began, the trial judge advised the jurors to consider the testimony "only for the purpose to prove system, pattern or intent".
The elder daughter (the victim's stepsister) testified that she was forced by the defendant to engage in sexual intercourse when she was 12 years old. The incident occurred while the daughter was sleeping in a bed with appellant and his second wife.
*1152 Appellant made two other attempts to sexually assault this daughter before she moved out of the residence. These incidents reportedly took place while the defendant was drinking.
Defendant appeals his conviction based on two assignments of error.
By the first assignment of error, the appellant contends that the trial court committed reversible error in permitting the testimony of the victim's stepsister regarding sexual assaults which occurred when she was the approximate age of the victim. Appellant contends that this testimony does not fit into an exception to the general rule excluding evidence of other crimes, and that the relevance and probative value of the testimony was outweighed by the prejudicial effect. In the other assignment of error, appellant asserts that the introduction of prior sex crimes committed against the victim herself by the appellant was prejudicial and improper.
In order to meet its burden of proof, the state must prove beyond a reasonable doubt that an accused is guilty of the crime with which he is charged. La. Const.1974, Art. 1, Sec. 16. It is improper to seek to establish present guilt through use of evidence of general bad character or of different criminal acts. State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). However, evidence of other crimes is admissible for certain statutory and jurisprudentially established purposes. State v. Acliese, 403 So.2d 665 (La.1981); State v. Trigueros, 485 So.2d 568 (La.App. 5 Cir. 1986).
In cases of sexual crimes, the Louisiana jurisprudence has recognized the admissibility of prior sex crimes committed against the same prosecutrix. State v. Acliese, supra; State v. Morgan, 296 So.2d 286 (La.1974). This evidence of other sex crimes is generally admissible to corroborate the victim's testimony, to show intimate relations between parties, the lustful disposition of the defendant, and the probability that defendant committed the offense charged. State v. Acliese, supra at 668. Therefore, the trial judge did not err in denying appellant's objection to the introduction of the testimony of the victim relating to other sexual assaults committed against her by appellant. This assignment of error is without merit.
The admissibility of evidence of other sex crimes committed against a person other than the victim raises an issue not so easily resolved. In a discussion of rules of evidence in sex crime cases, the Louisiana Supreme Court in State v. Morgan, supra, quoted from a legal treatise on the subject and we here set forth that same quotation:
"Sex cases call for special treatment with respect to the admission of evidence of other offenses. They are subject to the same exceptions that non-sex criminal trials are subject to,1 and in addition they are often subject to a special rule relative to the defendant's propensity to commit the crime on trial.
"Some courts depart sharply from the general rule which bars the use of other offenses to prove the defendant's propensity or disposition2 and permit introduction in sex cases of evidence of other sex offenses in order to show the defendant's propensity, inclination, or disposition toward sex in general, that is without regard to whether the defendant's victim or partner was the same person.3 Other courts refuse evidence of other sex offenses which involve different victims or partners,4 but nearly all courts permit evidence of other sex offenses which involve the same person as the offense on trial, the theory being that the evidence shows the defendant's lustful attitude toward that person.5 In any event, courts in sex cases are probably more liberal than they are in other cases in admitting evidence of other offenses.6
"In the trial of sex offenses the evidence of other sex offenses is not limited to those occurring before the offense on trial,7 but remoteness, as always, is an important consideration.8" (Footnotes omitted).
Our review of Louisiana cases discussing the admissibility of evidence of previous sex crimes perpetrated against minor children in cases where the defendant is accused *1153 of a sex crime involving a different child produced only two relevant cases. In State v. Guidroz, 498 So.2d 108 (La.App. 5th Cir.1986), the defendant was charged with molestation of a juvenile. Pursuant to the dictates of State v. Prieur, supra, and La.C.Cr.P. Art. 720, the defendant was notified that the state would introduce testimony from a female friend of the victim that the defendant had sexually assaulted the friend while she was an overnight guest at defendant's home. Because the defense failed to make a contemporaneous objection, the appellate court did not decide the propriety of this evidence.
In State v. Cupit, 189 La. 509, 179 So. 837 (1938), the defendant was convicted of assault with the intent to rape. The victim was the defendant's niece. The court ruled that testimony of another niece regarding an actual rape on that other niece by the defendant eight years earlier was admissible as having a particular relevancy in the prosecution. In finding the testimony admissible the court stated "[t]he prior offenses, if the jury believed they were committed, clearly tended to show the lustful disposition the defendant bore towards his nieces, and his unnatural desire to have sexual intercourse with them; all his nieces being children of tender age." The court stated that the time period between the charged offense and the other prior offense should go to the weight rather than the admissibility of the evidence.
The issue has been extensively discussed in other jurisdictions. In Elliott v. State, 600 P.2d 1044 (Wyo.1979), the court was confronted with a somewhat analogous factual situation. The defendant was the husband of the victim's mother and had forced sexual intercourse with the nine year old victim in the family home. The state introduced the testimony, over defense objections, of an older sister of the victim to the effect that the defendant had attempted to sexually assault her several years earlier. In finding that the testimony of the victim's sister was properly admitted, the Wyoming Supreme Court wrote:
"Our analysis of cases from other jurisdictions leads to the conclusion that in recent years a preponderance of the courts have sustained the admissibility of the testimony of third persons as to prior or subsequent similar crimes, wrongs or acts in cases involving sexual offenses. Among the grounds relied upon for the admissibility of such evidence is that it is admissible to show motive or to show plan, with various phrases being used by the courts to describe those concepts. State v. Thomas, 110 Ariz. 106, 515 P.2d 851 (1973); Fields v. State, 255 Ark. 540, 502 S.W.2d 480 (1973); People v. Fritts, 72 Cal.App.3d 319, 140 Cal.Rptr. 94 (1977); People v. Covert, 249 Cal.App.2d 81, 57 Cal.Rptr. 220 (1967); State v. Hauck, 172 Conn. 140, 374 A.2d 150 (1976); Hunt v. State, 233 Ga. 329, 211 S.E.2d 288 (1974); Staggers v. State, 120 Ga.App. 875, 172 S.E.2d 462 (1969); Thornton v. State, Ind., [268 Ind. 456] 376 N.E.2d 492 (1978); Merry v. State, Ind.App., [166 Ind.App. 199] 335 N.E.2d 249 (1975); Thompson v. State, 162 Ind. App. 381, 319 N.E.2d 670 (1974); People v. Gonzales, 60 Ill.App.3d 980, 17 Ill.Dec. 901, 377 N.E.2d 91 (1978); People v. Middleton, 38 Ill.App.3d 984, 350 N.E.2d 223 (1976); State v. Drake, Iowa, 219 N.W.2d 492 (1974); State v. Hampton, 215 Kan. 907, 529 P.2d 127 (1974); People v. Burton, 28 Mich.App. 253, 184 N.W.2d 336 (1970); State v. Jensen, 153 Mont. 233, 455 P.2d 631 (1969); State v. Hoffmeyer, 187 Neb. 701, 193 N.W.2d 760 (1972); Simpson v. State, Nev., [94 Nev. 760] 587 P.2d 1319 (1978); Jett v. State, Okl. Cr., 525 P.2d 1247 (1974); State v. Jackson, 82 Ohio App. 318, 81 N.E.2d 546 (1948); McKinney v. State, Tex.Cr.App., 505 S.W.2d 536 (1974); Hendrickson v. State, 61 Wis.2d 275, 212 N.W.2d 481 (1973); State v. Tarrell, 74 Wis.2d 647, 247 N.W.2d 696 (1976).
"We note that in cases involving sexual assaults, such as incest, and statutory rape with family members as the victims, the courts in recent years have almost uniformly admitted such testimony. See for example, People v. Fritts, supra; People v. Covert, supra; Staggers v. State, supra; Merry v. State, supra; Simpson v. State, supra; Jett v. State, *1154 supra; State v. Jackson, supra; Hendrickson v. State, supra. The description of the events by the victim's sister here, together with the testimony of the victim, persuades us that the conduct described was ... admissible for the purpose of proving the motive of the appellant.
"According to these other courts, the remoteness of the other conduct is a factor to be considered in determining the question of relevancy."
Louisiana cases have determined that other crimes evidence may be admissible if the evidence had independent relevance to establish motive. State v. Abercrombie, supra; State v. Sutfield, 354 So. 2d 1334 (La.1978). Other crimes evidence which has independent relevance and is admitted to show motive must satisfy two tests: 1) the evidence must be clear and convincing that the defendant committed the other crimes, and 2) the probative value of the evidence must outweigh the risk of prejudicethe risk that the defendant will be convicted because the evidence is used to show he is a man with a criminal disposition. State v. Abercrombie, supra. (The Abercrombie case makes a clear distinction between motive and intent. Although specific intent is not an essential element of aggravated rape, evidence introduced to establish general intent or motive is admissible. State v. Hills, 259 La. 436, 250 So.2d 394 (1971).)
In the instant case, the evidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (pre-teen years) and under similar circumstances (appellant intoxicated and alone with the victim in that others are either away or asleep) demonstrated motive and a plan to systematically engage in nonconsensual relations with his daughters as they matured physically. See State v. Goforth, 59 N.C.App. 504, 297 S.E.2d 128 (1982). Additionally, the testimony was introduced to corroborate the assertions by the prosecutrix. See State v. Raye, 73 N.C.App. 273, 326 S.E.2d 333 (1985); People v. Hammer, 98 Mich.App. 471, 296 N.W.2d 283 (1980). The evidence of the prior crimes was clear and convincing in that the victim of that assault testified to the facts. Furthermore, the trial judge properly held that the probative value of the testimony outweighed any potential prejudicial effect. Again, the testimony tended to establish a motive which induced appellant's actions toward the victim. State v. Abercrombie, supra at 1175. The similarity in the timing of the acts and the fact that they were apparently precipitated by appellant's intoxication could establish plan or opportunity. Without this testimony, the jury would have had little corroboration of the victim's assertions.
Although the sexual assaults about which the elder daughter testified occurred some eight years prior to the testimony, the finding in State v. Cupit, supra, states that this time period should go to the weight rather than the admissibility of the testimony. See also Cooper v. State, 173 Ga.App. 254, 325 S.E.2d 877 (1985) (19 years between offense and testimony); Allen v. State, 152 Ga.App. 481, 263 S.E.2d 259 (1979) (eight years between offense and testimony).
The testimony of family members other than the prosecutrix concerning prior sexual offenses by the defendant under analogous circumstances is admissible and has independent relevance to establish motive, plan and opportunity. The trial judge must always weigh the probative value of such testimony against the potential prejudicial effect. In the present case, the trial judge was correct in determining that the probative value outweighed any potential for prejudice. This assignment of error is without merit.
AFFIRMED.