629 So.2d 1267 (1993)
STATE of Louisiana
v.
Wayne DeROCHE.
No. 93-KA-414.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
*1268 Harry J. Morel, Jr., Dist. Atty., Emile R. St. Pierre, Asst. Dist. Atty., Hahnville, for plaintiff-appellee.
Kirk R. Granier, Luling, Mark A. Marino, Destrehan, for defendant-appellant.
KLIEBERT, GAUDIN and GOTHARD, JJ.
KLIEBERT, Chief Judge.
Defendant, Wayne DeRoche, a coach with the recreation department of St. Charles Parish and a teacher's aid with the St. Charles Parish School System, was accused of sexually abusing five juvenile boys. Defendant was charged in a sixteen-count grand jury indictment with four acts of aggravated rape (in four counts involving two victims), a violation of LSA-R.S. 14:42 and 219 acts of aggravated crime against nature (in 12 counts involving 30 victims, with Count 16 listing 208 separate acts against one victim), a violation of LSA-R.S. 14:89.1. DeRoche was arraigned on October 21, 1992, entering a plea of not guilty. On January 20, 1993, a Prieur hearing was held in response to the state's notice of intent to introduce evidence of other crimes. The evidence was ruled admissible at trial. On February 4, 1993, the state moved to amend the counts involving "J.T." (counts I-VI) changing the dates of the alleged offense four days prior to trial. The defense requested a continuance, which was denied.
Trial was held on February 8-12, 1993. A unanimous jury convicted defendant on all charges. Thereafter, defendant moved for a Post-Verdict Judgment of Acquittal, which was heard on February 14, 1993. The trial court granted the motion as to 206 of the 208 acts listed in Count 16 of the indictment, and denied it as to all other counts.
On February 25, 1993, the trial court sentenced the defendant as follows: life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each of the four counts of aggravated rape, to run concurrently; 15 years at hard labor without benefit of parole, probation, or suspension of sentence on each of the three counts of aggravated crime against nature involving J.T., to run concurrently; 15 years at hard labor without benefit of parole, probation or suspension of sentence on each of the three counts of aggravated crime against nature involving K.C., to run concurrently; 15 years at hard labor without benefit of parole, probation, or suspension of sentence *1269 on each of the five counts of aggravated crime against nature involving L.F., to run concurrently; and 15 years at hard labor without benefit of parole, probation, or suspension of sentence on the count of aggravated crime against nature involving J.D., listed as Count 16. The trial court further noted that these four concurrent 15 year sentences for the aggravated crime against nature convictions were to run consecutively as against each other, thus amounting to a total of 60 years.
Thereafter, the defendant orally moved for an appeal. The state filed a notice of intention to appeal the granting in part of defendant's motion for post-verdict judgment of acquittal.
On appeal, defendant lists three assignments of error:
1) the trial court erred in failing to wholly grant defendant's motion for post-verdict judgment of acquittal or, alternatively, new trial;
2) the trial court erred in allowing the introduction of evidence of other crimes charged in another case in this trial; and
3) the trial court erred in failing to grant the defense's request for continuance after the state was allowed to amend the counts involving J.T. (Counts I-VI), changing the dates of the offense.
The state assigns the following error of the trial court:
The trial court erred in granting in part the defendant's motion for post-verdict judgment of acquittal.
For the reasons which follow, we affirm the convictions.
Regarding the first assignment of error, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal or alternatively new trial, in that the evidence was insufficient to support the convictions of aggravated rape. Specifically, the defendant argues that the evidence failed to establish beyond a reasonable doubt the anal penetration of S.D. and the rapes of J.T. The state argues that the evidence fully supports the convictions.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La. 1988); State v. Richardson, 616 So.2d 225 (5th Cir.1993).
In a motion for new trial, the trial judge can only review the weight of the evidence and as such make a factual review as a "thirteenth juror," rather than under the Jackson standard. State v. Landry, 524 So.2d 1261 (3rd Cir.1988), reversed on other grounds, 531 So.2d 254 (La.1988).
LSA-R.S. 14:41 provides in pertinent part:
Rape; defined
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
Additionally, LSA-R.S. 14:42 provides in pertinent part:
Aggravated rape
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
At trial, S.D. testified on direct examination that the defendant "ended up.... trying to stick his penis in my butt, and he only got, he didn't get it all the way in, but he got it in far enough to where it hurt." On cross-examination, he testified that he informed *1270 the police and Dr. Coffman, a pediatrician at Children's Hospital in New Orleans, who examined several of the victims, that the defendant only attempted to insert his penis in his anus; however, on redirect examination, S.D. reiterated that "He didn't put it in all the way. He just put it in far enough to hurt." At the time of these acts, S.D. was under the age of twelve.
Under the rape statute, "any sexual penetration, vaginal or anal, however slight, is sufficient to complete the crime." Therefore, the mere fact that full penetration of the anus by the entirety of the penis was not accomplished does not prevent a finding of a completed act of rape.
J.T. testified that the defendant inserted his penis into J.T.'s anus on three separate occasions. J.T. was graphic in his descriptions of all three encounters. The first incident occurred following their return from the Hahnville-Ellender football game played in Houma, La. The second incident occurred at the defendant's residence following a Hahnville-Boutte basketball game. The third incident occurred while picking blackberries with the defendant near the railroad tracks and Louisiana Highway 3160. On cross-examination, J.T. testified that he could not recall the dates of the offense. He admitted that he told Dr. Coffman that the rapes only occurred twice, and also admitted that initially he only told police that the defendant had "played with his private part."
The defendant denied ever committing the acts with S.D. and J.T. Additionally, two of defendant's witnesses, C.C. and J.D., stated that they attended the Hahnville-Ellender game in Houma with defendant and that J.T. wasn't present. However, on cross-examination, C.C. testified that he went to this game in 1992 and not 1991, the year in which the offense was committed. The jury, as trier of fact, apparently rejected defendant's testimony and accepted the testimony of the two juvenile victims. Because it is the role of the fact finder to weigh the respective credibilities of the witnesses, we will not second guess those credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty, beyond a reasonable doubt, of the counts of aggravated rape.
In defendant's second assignment of error, he argues that the trial court erred in allowing the introduction of evidence of other crimes, charged in case No. 92-0615, in the instant case, No. 92-0614. Specifically, evidence was introduced that defendant engaged in other acts of sexual abuse with two other victims not any of the victims named in the 16 count indictment.[1]
The introduction into evidence of a defendant's other crimes, wrongs, or acts is governed by State v. Prieur, 277 So.2d 126 (La.1973) and its progeny. LSA-C.E. arts. 404(B), 1103. Under Prieur, the state must file a Notice of Intent to Introduce Evidence of Other Crimes and Acts, and a hearing held. These steps were done. The state must show for what purpose the evidence is being offered and that these other crimes are not simply repetitious or cumulative. Third, the admission of the other acts must not be to depict the defendant as a bad person. And fourth, the state must prove by clear and convincing evidence that these other crimes occurred.
Generally, evidence of other acts of misconduct are not admissible. However, there are three statutory exceptions to the general rule of exclusion: acts relative to show intent, knowledge, or system. LSA-R.S. 15:445, 446. Jurisprudentially, evidence of other acts is admissible when it tends to prove a material issue and has independent relevance other than showing that the defendant is a man of bad character. State v. Thompson, 532 So.2d 1160 (La.1988).
The defendant argues that the state never identified for which purposes under C.E. art. 404(B) they intended to introduce the other crimes evidence. However, at the hearing, *1271 the state said, quoting from art. 404(B), that it intended to introduce the evidence to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the transaction that is the subject of the present proceedings.
As the court said in State v. Kahey, 436 So.2d 475, 487-488 (La.1983):
"Generally, evidence of other acts of misconduct is not admissible. The introduction of such evidence merely to prove that the defendant is a "bad man" involves constitutional problems because of the danger that a defendant may be tried for a charge of which he has no notice, for which he is unprepared, and which unfairly prejudices him in the eyes of the jury. An exception to the general rule of inadmissibility may exist where the state seeks to introduce evidence of other crimes for some substantially relevant purpose other than to show that the defendant is guilty because he is a man of general criminal character. Aside from the related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana statutes provide for only three instances where other crimes evidence is "substantially relevant" such as to qualify as an exception to the general rule of exclusion: acts relevant to show intent, knowledge, or system. La.R.S. 15:445, 446. Admission of another crime committed by the same "system" as the offense charged might also be relevant to show the identity of the defendant as the offender. Other jurisprudentially recognized exceptions include other crimes evidence introduced to show motive, prior sex crimes committed against the same prosecutrix, and evidence of criminal acts of the accused constituting admissions by conduct intended to obstruct justice or avoid punishment for the present crime, See, Comment, Other Crimes Evidence in LouisianaTo Show Knowledge Intent, System, Etc. In The Case In Chief, 33 La.L.Rev. 614 (1973). Once a determination is made that the other crimes evidence is presented for one of these "substantially relevant" purposes, the court then has the obligation to balance the probative value of the evidence against its prejudicial effect before the evidence can be admitted." (Citations omitted)
The court in State v. Howard, 520 So.2d 1150 (3rd Cir.1987), writ denied, 526 So.2d 790 (La.1988), discussed the inherent problems in sex crimes cases, of the admissibility of evidence of previous sex crimes against minor children in cases where the defendant is accused of a sex crime involving a different child. The Howard court reviewed both Louisiana cases and other jurisdictions. The Howard court admitted evidence regarding the defendant's sexual assaults against a different victim than the one in the charged offense.
The court found:
(4) Louisiana cases have determined that other crimes evidence may be admissible if the evidence had independent relevance to establish motive. State v. Abercrombie, [375 So.2d 1170 (La.1979)], supra; State v. Sutfield, 354 So.2d 1334 (La. 1978). Other crimes evidence which has independent relevance and is admitted to show motive must satisfy two tests: 1) the evidence must be clear and convincing that the defendant committed the other crimes, and 2) the probative value of the evidence must outweigh the risk of prejudicethe risk that the defendant will be convicted because the evidence is used to show he is a man with a criminal disposition. State v. Abercrombie, supra. (The Abercrombie case makes a clear distinction between motive and intent. Although specific intent is not an essential element of aggravated rape, evidence introduced to establish general intent or motive is admissible. State v. Hills, 259 La. 436, 250 So.2d 394 (1971).)
(5) In the instant case, the evidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (pre-teen years) and under similar circumstances (appellant intoxicated and alone with the victim in that others are either away or asleep) demonstrated motive and a plan to systematically engage in non-consensual relations with his daughters as they matured physically. *1272 See State v. Goforth, 59 N.C.App. 504, 297 S.E.2d 128 (1982). Additionally, the testimony was introduced to corroborate the assertions by the prosecutrix. See State v. Raye, 73 N.C.App. 273, 326 S.E.2d 333 (1985); People v. Hammer, 98 Mich.App. 471, 296 N.W.2d 283 (1980). The evidence of the prior crimes was clear and convincing in that the victim of that assault testified to the facts. Furthermore, the trial judge properly held that the probative value of the testimony outweighed any potential prejudicial effect. Again, the testimony tended to establish a motive which induced appellant's actions toward the victim. State v. Abercrombie, supra at 1175. The similarity in the timing of the acts and the fact that they were apparently precipitated by appellant's intoxication could establish plan or opportunity. Without this testimony, the jury would have had little corroboration of the victim's assertions.
* * * * * *

The testimony of family members other than the prosecutrix concerning prior sexual offenses by the defendant under analogous circumstances is admissible and has independent relevance to establish motive, plan and opportunity. The trial judge must always weigh the probative value of such testimony against the potential prejudicial effect. In the present case, the trial judge was correct in determining that the probative value outweighed any potential for prejudice. This assignment of error is without merit. (Emphasis supplied)
In State v. Tyler, 619 So.2d 807 (1st Cir. 1993), the court held that evidence that the defendant raped his nieces in their pre-teen years was admissible in his prosecution of the aggravated rape of the victim (defendant's stepdaughter) under the age of 12; in light of the defendant's denial that sexual acts occurred, the victim's credibility was at issue and any evidence of the defendant having a motive or plan to engage in sexual relations with young female relatives would be relevant to establish the crime charged, and the state's proof that the defendant committed the offenses against the nieces was clear and convincing.
In State v. Long, 590 So.2d 694 (3rd Cir. 1991) the court admitted the testimony of the defendant's stepdaughter, who was not the victim of the present charge, because it proved defendant's motive, plan, or general intent as it pertained to his daughter, and it provided strong, corroborative evidence of the victim's testimony.
However, see State v. Bailey, 588 So.2d 90 (La.1991) and State v. Jamison, 617 So.2d 480 (La.1993), where evidence of crimes or acts against individuals other than the instant victims was held inadmissible because "the evidence does not establish the defendant's particular system for committing the charged crime against the prosecutrix, and it otherwise fails to establish a pattern of committing sexual offenses against the same prosecutrix." State v. Jamison, at 481, quoting State v. Bailey, supra.
Although it is not entirely clear from these two per curiam decisions, evidently the state sought to introduce other crimes evidence for a different purpose than it sought in the instant case. Apparently, the prosecutrixes in Bailey and Jamison sought to introduce other crimes evidence to show defendant's pattern or system regarding the same victims as in the crimes charged. However, in the instant case, the state sought to prove defendant DeRoche's motive, plan, and opportunity to molest young juvenile boys under analogous circumstances as the victims in the crimes charged. Using the rationale of Tyler, Long, and Howard, the other crimes evidence against DeRoche was clearly admissible. Therefore, the trial court did not err. This evidence consisted of the testimony of two juveniles. One boy testified that defendant had asked him to masturbate the defendant, but the juvenile refused and no other attempts were made. The second juvenile testified that defendant started to unzip his (the juvenile's) pants and he told DeRoche to stop and bring him home, which he did.
In the instant case the evidence was admissible because the state sought to use it to prove defendant's motive or plan, i.e., molesting juvenile males, and not to prove any system for the commission of the charged crimes against the five victims in case No. 92-0614. Moreover, even if we found the *1273 court erroneously admitted the evidence, in our view it would be harmless error.
In determining whether the erroneous admission of evidence requires the reversal of a defendant's conviction, the proper standard to be used is whether there is a reasonable possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. State v. Romero, 574 So.2d 330 (La. 1990); State v. Bonck, 613 So.2d 1125 (5th Cir.1993).
In reviewing the evidence in its entirety it appears that there was not a reasonable possibility that the other crimes evidence contributed to the verdict. The other crimes evidence concerned less offensive acts as opposed to the numerous offenses involving five victims, each of whom testified, for which the defendant was on trial; thus the evidence was of little significance. See State v. Perry, 502 So.2d 543 (La.1986). Furthermore, the evidence of the defendant's guilt was overwhelming in that the victims unequivocally testified at trial that the defendant committed the offenses. As such the admission of other crimes evidence would have been harmless error.
In Assignment of Error Number Three, the defendant contends that the trial court erred when it failed to grant defendant's motion for a continuance following the amendment of six counts of the indictment four days prior to trial considering that such an amendment presented the defense counsel with insufficient time within which to adequately prepare a defense.
The indictment charged that the offenses in counts one and four involving J.T. were committed on or about October 4, 1991 and the offense in count 7 involving S.D. was committed in May of 1992, but it did not specify any dates concerning the commission of the offenses in counts eight, nine and ten involving K.C.
On February 4, 1993, the trial court allowed the state to amend the indictment to charge that the offenses in counts one and four were committed on or about October 25, 1991, the offense in count seven was committed on or about April or May of 1992 and the offenses in counts eight, nine and ten were committed on or about May or June 1992. Defense counsel moved to continue the matter on the basis of the amendment; however, the trial court denied the motion finding that the amendment did not prejudice the defense.
LSA-C.Cr.P. art. 489 provides in pertinent part:
"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution."
The purpose of a continuance as authorized by art. 489 is the prevention of prejudicial surprise to the defendant. The defendant has the burden of establishing that an amendment has prejudiced the defense. State v. Davis, 385 So.2d 193 (La.1980). A mere allegation that the defendant will be affected by the amendment is not sufficient. State v. Dye, 384 So.2d 420 (La.1980). Further, the trial judge has great discretion in deciding whether to grant a continuance and his ruling will not be disturbed unless he arbitrarily and unreasonably abuses that discretion. State v. Davis, supra.
Here, the trial judge did not abuse his discretion when he refused to grant a continuance and concluded that the amendment of the indictment did not prejudice the defense. The amendment concerned the dates upon which several of the offenses were committed and thus it made no substantive change in the charges against the defendant. Importantly, the defendant did not present an alibi defense nor did he make a showing of how he was prejudiced by the denial of the continuance.
In the state's assignment of error, counsel contends that the trial court erred by granting the defendant's motion for post-verdict judgment of acquittal as to 206 of the acts of *1274 aggravated crime against nature listed in Count 16; however, it appears that the state has no basis on which to challenge the trial court's ruling.
In Count 16 of the indictment, the acts of aggravated crime against nature involving J.D. were joined and thus the count charged only one offense notwithstanding that it alleged acts which would have constituted separate offenses.[2] See State v. Foe, 337 So.2d 491 (La.1976). Consequently, the jury's verdict of guilty on Count 16 constituted a conviction of only one offense, not 208, and the trial court's finding that only "two instances" of the offense were proven, did not disturb the verdict.
For the reasons above stated, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Evidence was also introduced regarding other acts against the victim in Count 16, but this is not challenged on appeal.
[2] If the state intended to prosecute the defendant for 208 offenses, separate counts should have been drawn. See State v. Foe, supra; See also LSA-C.Cr.P. art. 493.