702 So.2d 1014 (1997)
STATE of Louisiana, Appellee,
v.
Norman DAVIS, Defendant-Appellant.
No. 97-331.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1015 David Wayne Burton, DeRidder, for State.
Robert E. Patrick, Lake Charles, for Norman Davis.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DOUCET, Chief Judge.
By bill of indictment issued on June 18, 1996, the Beauregard Parish Grand Jury charged the defendant, Norman C. Davis, with molestation of a juvenile under his supervision and control, a violation of La.R.S. 14:81.2. The trial of the defendant commenced on September 16, 1996, and on September 19, 1996, a jury returned a verdict of guilty as charged. A pre-sentence investigation report was then ordered by the court.
On October 18, 1996, the defendant was sentenced to serve 144 months (twelve years) at hard labor. The record reveals that the defense counsel failed to make or file a motion to reconsider. The defendant now appeals his conviction and sentence alleging twelve assignments of error. The defendant *1016 abandons his assignments of error numbers one, three, four, five and twelve.

FACTS:
On April 27, 1996, the thirteen year old victim, L.S., went with her mother, Donna Smith, to visit the defendant's camp near an area in Beauregard Parish known as the Mouth-of-the-Creek. They were accompanied by the victim's brothers, Jason (fifteen years old) and Michael (seven years old). The defendant, his wife Debbie, and their daughter Brianne (eight years old) went in another vehicle.
After their arrival, Donna and Debbie went to the camp to cook, and the defendant, L.S., Jason, Michael and Brianne walked to the creek to go fishing. Thereafter, Michael and Brianne went to play near the Boise Camp and L.S.'s older brother Jason left to fish in another area and to visit with other teenagers, leaving the defendant alone with the victim.
While alone with the victim, the defendant pulled down his pants, and had L.S. sit in his lap. L.S. testified that the defendant stuck his middle finger up her and that it hurt. She further testified that afterward she stood up, and the defendant pulled her shorts back, put his penis in her butt and rubbed it back and forth until his penis became hard. She testified she felt "gooey, sticky stuff on her butt.
The victim was examined on May 2, 1996, by Dr. Thomas E. Griffin, III, a practicing pediatrician for twenty-one years, and a consulting physician for the Beauregard and Vernon Parish Offices of Child Protection. Dr. Griffin testified that his examination of the victim revealed a "... considerable separation in the area ... at the bottom opening to the vagina." He also found that her hymen opening was "... a good bit larger [twice the size] than would be expected for a child that had not had some sexual activity." Dr. Griffin further testified that his findings were consistent with the sexual history the victim provided concerning the molestation incidents. Dr. Griffin also confirmed that children had difficulty telling someone when they have been molested and that L.S.'s report to Martha Allen on April 30, 1996, three days after the act of molestation occurred, was a very early report of child molestation, rather than an unreasonable delay in reporting the incident.
Detectives V.J. Franks and John Rainwater, of the Beauregard Parish Sheriff's Office, testified the defendant admitted that "he inserted his finger and he had rubbed his penis on her bottom." The testimony of the victim showed the defendant had molested the victim on two prior occasions, at or near his home in Rosepine, Vernon Parish. The evidence also showed the defendant had previously molested Martha Bell, who was twenty-one-years-old at the time of the trial. According to Martha Bell, the defendant's acts of molestation began when she was six or seven years old and "occurred many times" until she was approximately thirteen-years-old.

ASSIGNMENTS OF ERROR NOS. 7, 8, 9, and 11 (DEFENDANT'S ARGUMENT NO. 1):
Under his first argument, the defendant combines assignments of error 7, 8, 9, and 11. The defendant alleges the following:
(7) The trial court erred by refusing to allow the defendant an opportunity to question the credibility of a material witness who was called to the stand for the specific purpose to testify as to prior acts of sexual misconduct.
(8) The trial court erred by allowing other crime [sic] evidence, and testimony adduced at trial pertaining to that evidence which relates to other alleged prior sex crimes committed by defendant against the other persons.
(9) The trial court erred by allowing other crime [sic] evidence, and testimony adduced at trial pertaining to that evidence which relates to other alleged prior sex crimes committed by defendant against the same victim.
(11) The trial court grossly erred in allowing evidence of other alleged crime [sic] evidence when such evidence created a substantial prejudice to the defendant in the eyes of a jury, thus creating an inference of guilt.
*1017 The defendant, in assignment of error number seven, contends the trial court erred in refusing to allow the defendant to question the credibility of a material witness who testified to prior acts of sexual misconduct. Defendant does not address this assignment of error in brief, so this assignment of error is deemed abandoned.
Other crimes evidence may be admitted under the exceptions set forth in La.Code Evid. art. 404B(1), which provides:
Except as provided in La.Code Evid. art. 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Louisiana cases have determined that other crimes evidence may be admissible if the evidence had independent relevance to establish motive. State v. Abercrombie, 375 So.2d 1170 (La.1979); State v. Sutfield, 354 So.2d 1334 (La.1978). Other crimes evidence which has independent relevance and is admitted to show motive must satisfy two tests: 1) the evidence must be clear and convincing that the defendant committed the other crimes, and 2) the probative value of the evidence must outweigh the risk of prejudice the risk that the defendant will be convicted because the evidence is used to show he is a man with a criminal disposition. Abercrombie, 375 So.2d 1170.
In the instant case, the evidence of the previous sexual crimes committed by the defendant against other persons and the same victim is analogous in both instances to the charged offenses committed against the victim. The testimony of Martha Bell and the victim reveals each crime occurred under similar circumstances which demonstrates the defendant's intent and a plan to systematically engage in sexual acts with young females. The State introduced testimony of Martha Bell who testified the defendant had molested her on several occasions when she was a child. She testified the defendant initially molested her when she was six or seven years old. Ms. Bell described her recollection of the incident as follows:
"... I sat in his lap, and he was letting me drive. And he had one hand on the wheel guiding it, and with his other hand he put his hand down in my pants in my underwear and fondled me."
The incident Ms. Bell related is similar to what the victim testified occurred at the defendant's camp on April 27, 1996, and at the defendant's home in Rosepine on two prior occasions. Martha Bell also testified that she specifically recollected that the sexual misconduct occurred at the same place in which the victim alleged the defendant's sexual misconduct occurred. Martha Bell also testified the defendant, on one occasion, drove down a fire lane, took off his shirt and lay it on the ground. He then laid her on the ground and inserted his finger in her vagina. She also recollected another incident which occurred when she was in the second grade. This incident occurred in the defendant's truck. She testified she was in the truck and the defendant was standing outside of the door. She stated, "And I don't know how I became undressed, but I was on the seat. And he laid me back and he would rub himself [his penis] from the top of my vagina to the bottom." She remembered that afterward she hurt for days when she used the bathroom.
Additionally, the victim testified the defendant's misconduct occurred on more than one occasion. The victim's testimony concerning two prior incidents with the defendant bore striking similarities to her testimony concerning the events of April 27, 1996. The victim testified that on the prior occasion in the defendant's home, he had her sit in his lap, just as happened on April 27, 1996. This testimony is almost identical to an incident related by Martha Bell. The victim testified *1018 that on each of the prior occasions, the defendant put his hand into her pants, and put his finger up her vagina, just as he did on April 27, 1996.
In State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96); 672 So.2d 197, writ denied, 96-1126 (La.10/4/96); 679 So.2d 1379, this court approved the use of other crimes evidence to establish a pattern and intent or "lustful disposition." This court further approved the use of such evidence to establish motive, i.e., that the defendant had a reason to commit the offense.
In State v.Howard, 520 So.2d 1150 (La. App. 3 Cir.1987)[1], this court, in approving the use of other crimes evidence, held that a step-sister's testimony demonstrated motive and a plan to systematically engage in non-consensual relations with his daughters as they matured physically; this court further held the testimony was introduced to corroborate the assertions by the prosecutrix; that without this testimony, the jury would have had little corroboration of her assertions.
It is well settled in Louisiana jurisprudence that the introduction of other crimes evidence to demonstrate motive or plan is material and has independent relevance. In the present case, Martha Bell's testimony that defendant "... would rub himself from the top of my vagina to the bottom" was similar to the victim's testimony that he "stuck his private on my butt and was rubbing it back and forth...." In sum, we find the similarity in the testimony of the two witnesses, the timing of the acts, the type of sexual assault, the locations of the assaults, and the analogous manner in which the defendant used his age and influence over his adolescent victims provided the jury with probative and relevant circumstantial evidence which demonstrates motive and plan: to take advantage of adolescent females in one-on-one situations by using his adult supervision. Moreover, the testimony of the two witnesses refutes a conclusion that the jury might otherwise have drawn that the event occurred with innocent intent, or that it was inadvertent, accidental, unintentional, or without guilty knowledge. State v. Driggers, 554 So.2d 720 (La.App. 2 Cir.1989).
The defendant also makes reference to the issue of remoteness and connexity of Martha Bell's testimony as it pertains to the present case. Several courts have disposed of that issue by expounding that the time period should go to the weight, rather than the admissibility of the testimony. See Driggers, 554 So.2d 720 (where the prior acts occurred as much as twenty-six years prior to trial); Howard, 520 So.2d 1150 (where the prior acts occurred eight years prior to trial); State v. Cupit, 189 La. 509, 179 So. 837 (1938); U.S. v. Hadley, 918 F.2d 848 (9th Cir.1990) (where the prior acts, involving witnesses other than the victim, occurred at least ten years prior to trial). The evidence that the defendant committed these other crimes is clear and convincing. Hence, we find the trial judge properly found the probative value of the evidence clearly outweighed the prejudicial effect of the evidence and that this evidence was admissible. This argument lacks merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 10 (DEFENDANT'S ARGUMENT NO. 2):
In defendant's second argument, defendant combines two assignments of error. The defendant alleges the following:
(6) The trial court committed error by allowing the testimony of a thirteen-year-old victim whose testimony was inconsistent, to sustain a conviction of molestation of a juvenile. [and]
(10) The evidence was insufficient to sustain the defendant's conviction of molestation of a juvenile where the victim's testimony was not consistent in direct and cross examination.
In short, the issue is whether a rational trier of fact could conclude that the victim's testimony was sufficiently believable, under the totality of the circumstances, to form the basis of a conviction.
*1019 The law governing the sufficiency of evidence is found in the United States Supreme Court decision in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Wiley, 95-396 (La.App. 3 Cir. 3/20/96); 672 So.2d 185.
An appellate court, in reviewing the sufficiency of evidence, must resolve any conflict in the circumstantial or direct evidence by viewing that evidence in the light most favorable to the prosecution. Accordingly, this court must determine whether the testimony of the victim, when viewed in a light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude beyond a reasonable doubt, that Davis was guilty of every essential element of the crime. See State v. Sutton, 436 So.2d 471 (La.1983). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988).
Defendant contends the State's evidence was insufficient to prove all essential elements of the crime of molestation of a juvenile, i.e., was the lewd or lascivious act done with force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Specifically, the defendant attacks the credibility of the witnesses' testimony. The issue is whether a rational trier of fact could conclude the witnesses' testimony was believable under the totality of circumstances.
The defendant was charged with molestation of a juvenile under La.R.S. 14:81.2 which provides in pertinent part:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
The fact that the defendant did not use force or violence is of no moment since the defendant obviously performed a lewd or lascivious act upon a person under the age of seventeen, and the age difference between the victim and the defendant was greater than two years. Furthermore, this act was performed by the defendant with the intention of arousing or gratifying his sexual desires by the use of influence by virtue of his position of control or supervision over the juvenile. Hence, the only issue to determine is whether the witnesses' testimony is sufficient to sustain the defendant's conviction for molestation of a juvenile. The evidence shows, through testimony, that, on April 27, 1996, while the defendant was alone with the thirteen year old victim, the defendant pulled down his pants and had the victim sit in his lap. Thereafter, he put his middle finger in her vagina, pulled her shorts down and then rubbed his penis somewhere between her vagina and her rectum until he ejaculated. On April 30, 1996, the victim told Martha Allen, an educational diagnostician and school counselor, that the defendant had put his hands in her pants, made her pull her pants down and stuck his penis in her butt. On September 17, 1996, the victim testified at trial consistently with the facts she had previously related to Ms. Allen. On May 2, 1996, the victim was examined by her personal physician, Dr. Thomas E. Griffin. Dr. Griffin testified the victim stated the defendant "put his finger deep into her vagina until she hurt real bad, and had a little bit of blood ... He then put his penis into her butt and had intercourse with her. She said she noted some funny stuff was on her after the act." Dr. Griffin testified that during his physical examination of the victim he discovered that there was considerable separation at the bottom of the vagina opening indicating *1020 penetration had probably occurred. Dr. Griffin testified, "This is a good bit larger than would be expected for a child that had not had some sexual activity." Dr. Griffin further testified the victim's physical examination was consistent with the sexual history the victim had provided to him. Additionally, the examination also was consistent with the victim's testimony concerning where the defendant had touched her. To further corroborate the victim's testimony, Detectives Franks and Rainwater, the police officers who initially interviewed the defendant, testified at trial that the defendant had admitted that he inserted his finger and had rubbed his penis on her butt.
In State v. Pontiff, 604 So.2d 71, 76 (La. App. 3 Cir.1992), this court stated the following with regard to a jury's credibility determination:
The jury, sitting as the trier of fact, had the distinct opportunity to view each individual witness' demeanor, listen to their respective testimony, and assess credibility. Their firsthand knowledge of the witness' testimony is an immeasurable advantage when compared to our limited review within the four corners of the cold record... Since the record fully supports the jury findings, this court will not engage in reevaluating the credibility of witnesses and reweighing the other evidence adduced at trial.
Our examination of the record in the instant case, reveals the witness' testimony was sufficient for a jury to conclude defendant committed the crime charged. There is no doubt the defendant used his age and supervision over the victim to take advantage of her and to indulge himself. The testimony of the thirteen year old victim that she had been molested by defendant, the testimony of the two detectives who investigated the allegations, the physical findings of the physician that were consistent with the molestation of the thirteen year old victim, and the testimony of the victim's school counselor to whom the victim had reported the acts of molestation performed upon her by the defendant are sufficient to sustain a finding by the jury that the defendant was guilty of molestation of a juvenile. See State v. Viree, 95-176 (La.App. 3 Cir. 3/6/96)[2];670 So.2d 733; State v. Hookfin, 476 So.2d 481 (La.App. 1 Cir. 1985)[3]. Accordingly, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2 (DEFENDANT'S ARGUMENT NO. 3):
Under his final argument, defendant combines two issues of law. The defendant alleges his sentence was excessive, and the trial court erred by utilizing interview reports of young women who did not testify in court. We note the defendant does not address in brief the issue whether the trial court erred by utilizing interview reports of young women who did not testify in court, thus we find this portion of the defendant's assignment of error is deemed abandoned.
We also note that a review of the record indicates the defendant did not file a motion to reconsider, nor did he make an oral motion at the time of sentencing asking the court to reconsider his sentence. Therefore, in accordance with La.Code Crim.P. art. 881.1(D), the defendant is barred from raising the excessiveness of his sentence on appeal. State v. Reeves, 619 So.2d 543 (La. 1993). Accordingly, the issue of excessiveness of sentence is without merit[4].
*1021 Accordingly, for the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In Howard the victim's step-sister testified that she was forced by the defendant to engage in sexual intercourse with the defendant when she was twelve years old, approximately eight years prior to the time of her testimony. The trial court advised the jurors to consider the testimony "only for the purpose to prove system, pattern or intent."
[2] This court found there was sufficient evidence to convict the defendant of committing two counts of aggravated rape upon his children where the statements of the victims were consistent and were supported by medical evidence, and the jury could determine the victim's testimony was more credible than defendant's testimony.
[3] The court found there was sufficient evidence to convict the defendant where there was testimony of a seven year old who witnessed the rape of her five year old brother by the defendant, the medical evidence supported the testimony, the testimony of the detective who investigated the allegations of child abuse was introduced at trial, and where the testimony of the grandmother regarding the alleged victim's complaints of rape was introduced.
[4] The defendant was sentenced to serve 144 months (twelve years) at hard labor for the charge of molestation of a juvenile. La.R.S. 14:81.2(C) states in pertinent part: "Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both...." The defendant greatly benefited in that the State did not charge him with additional counts of molestation of a juvenile for the two prior incidents involving L.S. Finally, we note that although the defendant's pre-sentence investigation report reveals that the defendant is a first felony offender, there was testimony at trial that the defendant had previously molested Martha Bell.