h BROWN, J.,
dissenting.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), admonishes a reviewing court not to substitute its view of the facts for that of the jury but to consider all the evidence in the light most advantageous to maintaining the verdict. It is solely the province of the jury to resolve conflicting inferences.[1] In this case, the majority opinion has radically expanded the federally mandated review standards for sufficiency.
Louisiana’s Constitution prohibits the review of facts in a criminal case. La. Const. Art. V, §§ 5(C) & 10(B). Before Jackson, sufficiency of evidence was reviewed as a question of law only when a defendant alleged a total absence of any factual support for the verdict. Such a “no evidence” rule has nothing to do with the *328 type or convincing nature of the evidence. In Jackson v. Virginia, supra, the U.S. Supreme Court found that due process requires that a reviewing court look at the probative character of the evidence but in the light most favorable to the prosecution.
We need to reread Jackson. In that case, the defendant was convicted of first degree murder. The Supreme Court’s review of the record, in the light most favorable to the prosecution, showed that a reasonable juror could have found the defendant guilty beyond a reasonable doubt. The concluding paragraph in Jackson v. Virginia is instructive:
Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilty beyond a reasonable doubt could this petitioner’s challenge be sustained. That theory the court has rejected in the past. (Cite omitted). We decline to adopt it today. Under the standard established in this opinion as necessary to preserve the due process protection recognized in Winship, a federal habe-as corpus court faced with a record of historical facts that support conñict-ing inferences, must presume — even if it does not appear in the record — that the trier of fact \ ^resolved any such conñicts in favor of the prosecution, and must defer to that resolution. Applying these criteria, we hold that a rational trier of fact could have found that the petitioner committed murder in the first degree under Virginia law. (Emphasis added).
443 U.S. 307, 325, 99 S.Ct. 2781, 2792-3, 61 L.Ed.2d 560, 577.
In this ease, the majority has done exactly what the Jackson court refused to do and what Louisiana’s constitution prohibits. The majority has reviewed the case as a superseding jury, speculated on specious hypotheses and imposed a not guilty verdict. The majority did not defer to the jury’s presumed resolution of conflicting inferences.
The brash inferences raised by the majority were considered and properly rejected by the jury. The majority opinion states that defendants’ flight could have stemmed from the traffic stop alone; however, there was no traffic stop. Sgt. Powell had a description of the car. When defendants saw Sgt. Powell turn around to follow, they sped off and the pursuit began. During the chase, defendants abandoned their car and both driver and passenger fled on foot. The driver escaped. The majority further hypothesized that defendants were circling the block because of their interest in Candy; however, when approached by Candy they made no overtures but continue to circle the targeted business.
Cassandra Foster was sitting on the steps of the building next door to Capital Loan and became suspicious when she saw defendants circle the block three or four times. She saw Candy and Cathy Lopez speak to the car’s occupants. This was confirmed by Cathy Lopez. In fact, Cassandra Foster spoke to the driver after another pass and asked if they were looking for the girls. The driver said that they were not. Ms. Foster then saw the vehicle park in the lot one block away. She saw the passenger, Derrick Jenkins, get out, walk past her towards Capital Loan and shortly thereafter come jogging back past her to the waiting car which then hurriedly drove off. Ms. Foster’s description of Jenkins’ dress matched that 1 ?,given by the victim. The dark shirt that they both described was found in the abandoned car. The jury correctly accepted the inference that the gun and bandana were discarded during the chase.
The evidence and the inferences to be drawn therefrom, in the light most favorable to the prosecution, met due process requirements as stated in Jackson v. Virginia. A rational juror could have found defendants guilty beyond a reasonable doubt.
The unadorned Jackson standard adopted by article 821 of the Code of *329 Criminal Procedure affords deference to the jury’s factual findings. As shown in this case, the expansion of that review standard gives inadequate or no deference to the jury’s resolution of conflicting inferences.

. State v. Free, 26,267 (La.App.2d Cir.09/21/94), 643 So.2d 767, writ denied, 94-2846 (La.03/10/95), 650 So.2d 1175. See also State v. Davis, 97-331 (La.App. 3d Cir. 10/29/97), 702 So.2d 1014, writ denied, 97-2990 (La. 11/06/98), 726 So.2d 919.